IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>SHERRI SCHIEGGER, et al. | Case No. 5:20-MC-00026-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>DANIELLE DOYLE, et al. | Case No. 5:20-MC-00027-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>NANCY BERSON, et al. | Case No. 5:20-MC-00028-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>ROBIN STRICKLAND, et al. | Case No. 5:20-MC-00029-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>WENDY KIRWAN, et al. | Case No. 5:20-MC-00030-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>WAKE COUNTY, et al. | Case No. 5:20-MC-00031-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>JOE BRYANT, et al. | Case No. 5:20-MC-00032-M |

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>TOWN OF CARY | Case No. 5:20-MC-00033-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>TOWN OF CARY, et al. | Case No. 5:20-MC-00034-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>SYDNEY BATCH, et al. | Case No. 5:20-MC-00035-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>MELANIE SHIKITA, et al. | Case No. 5:20-MC-00036-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>MELANIE SHIKITA, et al. | Case No. 5:20-MC-00037-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>MICHELLE SAVAGE, et al. | Case No. 5:20-MC-00038-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>ERIC CRAIG CHASSE, et al. | Case No. 5:20-MC-00039-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>THOMAS C. MANNING, et al. | Case No. 5:20-MC-00040-M |

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR.,<br>v.<br>WAKE COUNTY, et al. | Case No. 5:20-MC-00041-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>ROBERT J. PIKE, et al. | Case No. 5:20-MC-00042-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>STATE OF NORTH CAROLINA, et al. | Case No. 5:20-MC-00043-M |
| WILLIAM SCOTT DAVIS, JR.<br>v.<br>W. EARL BRITT, et al. | Case No. 5:20-MC-00049-M |

## ORDER RE: MOTION TO REOPEN CIVIL ACTIONS

Before the Court is a set of documents filed by the Plaintiff and construed by the court as a motion to reopen the above-captioned cases pursuant to Fed. R. Civ. P. 52(b), 59(e), 60(b)(1), 60(b)(2), 60(b)(3), 60(b)(4), and 60(b)(5), a copy of which was filed in each case. DE 6. For the following reasons, the motion is DENIED.

On November 2, 2020, the court dismissed these cases without prejudice for Plaintiff's failure to comply with a pre-filing injunction issued by the Honorable James C. Fox in *Davis v. Mitchel*, No. 5:12-CV-00493-F (E.D.N.C. March 3, 2014), requiring that Plaintiff file in this District any new action, in which he seeks to proceed *in forma pauperis*, as follows: "(1) file a motion for leave to file a motion to proceed in forma pauperis, (2) attach the motion to proceed in forma pauperis; (3) attach a copy of the proposed complaint or notice of removal, and (4) attach a copy of this order." The injunction warned that any failure to comply with its requirements would

3

result in "dismiss[al] and sanctions may be imposed." *Id.* Plaintiff failed to comply with the injunction (which, contrary to Plaintiff's argument, the court determined not to be void) by failing to (1) file a motion seeking leave to file the application, and (4) attach a copy of Judge Fox's order. *See* Order, DE 4. In addition, the court found the proposed pleadings failed to give notice to the Defendants of the factual bases for the allegations and, thus, failed to adequately notify Defendants of any cause of action for which they may be liable to the Plaintiff. *Id.*

In the present motion, Plaintiff seeks to "alter or amend" the court's "findings" pursuant to Fed. R. Civ. P. 52(b) and 59(e) by purportedly adding facts to the court's factual findings. First, the court has made no factual findings on the merits of Plaintiff's claims in this case and, thus, Rule 52(b) is not applicable. Second, Plaintiff's handwritten motion is, in part, illegible but it appears to the court that Plaintiff sets forth only legal conclusions and citations to cases and court rules in support of his request. *See* Mot. DE 6 at 10-12, 14, 16; DE 16-1 at 3-6, 11-12. The court finds no basis on which to grant relief pursuant to Rules 52 or 59.

With respect to Plaintiff's request for relief from the court's judgment under Rule 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect), 60(b)(2) (newly discovered evidence),[1] 60(b)(3) (fraud),[2] 60(b)(4) (judgment is void),[3] 60(b)(5) (judgment has been satisfied, released, or

---

[1] Plaintiff makes unsupported statements regarding the "misassignment" of his cases and the "disqu[ali]fication" of the undersigned. Otherwise, Plaintiff asserts he has "new evidence of defendants [sic] fraudulent concealment of the truth," but the court made no findings as to—and the dismissal was not based on—the merits of Plaintiff's claims.

[2] Although somewhat difficult to discern, it appears that Plaintiff references instances of what he characterizes as "fraud" in support of claims previously alleged; however, Rule 60(b)(3) provides relief to parties who demonstrate that the instant ruling or judgment was obtained by fraud on the court. *See Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135 (4th Cir. 2014) ("when a party believes that its opponent has obtained a court ruling by 'fraud' or 'misrepresentation,' it may move for relief under Federal Rule of Civil Procedure 60(b)(3).").

[3] Plaintiff asserts without legal support that his related cases should have been randomly assigned and accuses the undersigned of "fraud on the court" for failing to fully discern in some respects his handwritten pleadings. *See* Mot. DE 6-1 at 14.

4

discharged), and 60(b)(6) (any other reason that justifies relief),[4] the court finds Plaintiff's motion suffers from the same deficiencies noted above and discerns no bases on which to grant relief pursuant to Rules 60(b)(2), 60(b)(3), 60(b)(4), 60(b)(5), and 60(b)(6). *See* Mot. DE 6 at 1, 3, 6-9; DE 6-1 at 13-16. However, Plaintiff argues that he is entitled to a finding of excusable neglect under Rule 60(b)(1) because the Clerk of the Court has "refused" to provide him a copy of the prefiling injunction. *See* Mot. at 4. While Plaintiff fails to articulate the Clerk's reason for any such refusal and to explain why he does not have a copy of the order that was initially issued to him, the court finds the Plaintiff's inability to obtain a copy of the order, particularly as he is apparently in custody at this time, to be excusable. Nevertheless, the Plaintiff fails altogether to explain why he did not file a motion seeking leave to file an application to proceed in forma pauperis, which also is a requirement of the prefiling injunction and a basis on which the court dismissed this matter without prejudice.

Accordingly, the Plaintiff's motion to reopen the above-captioned cases [DE 6] is DENIED. In addition to a copy of this order, the court directs the Clerk of the Court to provide the Plaintiff with (1) a prisoner complaint package containing a form complaint, which the Plaintiff must utilize to file any future pleadings[5] in any new civil actions; and (2) a copy of Judge Fox's

---

[4] Plaintiff repeats his fraud on the court argument and argues that he is "incompetent" and "legally blind from dense cataracts"; however, Plaintiff fails to explain how these conditions support a request for relief from the court's ruling that Plaintiff failed to comply with the prefiling injunction. See Mot. at DE 61 at 13, 15-16.

[5] This requirement is meant to assist the Plaintiff in providing information sufficient to notify the Defendants and the court of the Plaintiff's asserted claims. To the extent that Plaintiff finds portions of the complaint form to be irrelevant (for example, in asserting any claims based on events that may have occurred when Plaintiff was not incarcerated), he may so explain on the form.

5

Case 5:20-mc-00040-M   Document 8   Filed 02/12/21   Page 5 of 6

prefiling injunction, located at *Davis v. Mitchel*, No. 5: 12-CV-00493-F (E.D.N.C. March 3, 2014).

SO ORDERED this 11th day of February, 2021.

*[signature]*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE